**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PERSONALIZED MEDIA ) | |
| COMMUNICATIONS, LLC ) | |
| ) | **CIVIL ACTION NO. _____** |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| AMAZON.COM, INC., ) | |
| AMAZON WEB SERVICES, LLC, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT

Plaintiff Personalized Media Communications, LLC ("PMC" or "Plaintiff") for its

complaint against Defendants Amazon.com, Inc. ("Amazon") and Amazon Web Services, LLC

("AWS") (collectively, "Defendants") on personal knowledge as to its own actions and on

information and belief as to all others based on its investigation, hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, under 35 U.S.C. §§ 100, *et seq*.  This Court has jurisdiction over the subject matter

of this patent litigation action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

2.      Defendants Amazon and AWS are subject to personal jurisdiction in the State of

Delaware.  On information and belief, Defendants Amazon and AWS are incorporated in

Delaware and regularly and systematically transact business in the State of Delaware, consisting

in part on the sale of products and/or services nationally.  Defendants Amazon and AWS have

purposefully availed themselves of the privilege of conducting business activities within the

State of Delaware, which activities, upon information and belief, infringe one or more claims of

the Unites States patents owned by PMC, causing injury in this district.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b)

because Defendant has committed acts of infringement in this district.

## THE PARTIES

4.      Plaintiff PMC is a limited liability company duly organized and existing under the

laws of the State of Texas, with its principal pace of business in Sugar Land, Texas.  PMC is the

owner of over fifty patents.  After careful investigation, PMC has determined that nine of its

patents have been and will continue to be infringed by Defendants Amazon and AWS unless

enjoined by this Court.

5.      Defendant Amazon is a corporation organized under the laws of the State of

Delaware with its principal place of business at 410 Terry Ave, North Seattle, Washington,

98109.  It may be served by process through its Delaware Registered Agent: Corporation Service

Company, 2711 Centerville Rd, Ste. 400, Wilmington, Delaware 19808.

6.      Defendant AWS is a Delaware limited liability corporation with its principal

place of business at 410 Terry Ave, North Seattle, Washington, 98109.  It may be served by

process through its Delaware Registered Agent: Corporation Service Company, 2711 Centerville

Rd, Ste. 400, Wilmington, Delaware 19808.  Defendant AWS is a wholly owned subsidiary of

Defendant Amazon.

7.      Amazon has at least one fulfillment center in the State of Delaware.

## FACTUAL BACKGROUND

**Overview of the Signal Processing Apparatus and Methods of the Asserted Patents**

8.      PMC owns a seminal intellectual property portfolio that covers the use of control and information signals embedded in electronic media content to generate output for display that is personalized and relevant to a user.  The technologies in this portfolio are platform-agnostic. They can be used on any electronic-media delivery system, including, but not limited to, the Internet, intranet, cellular wireless, cable networks, and satellite networks, and they run on any electronic equipment capable of delivering media, such as PCs, laptops, tablets, smartphones, set-top boxes, televisions, and game consoles. PMC's intellectual property portfolio contains over fifty patents, with additional patent applications pending.

9.      Amazon makes and uses systems and methods to promote, recommend and sell products to consumers electronically through a network of retail websites.  Amazon sells services to allow third parties to sell products through a network of retail websites.  Amazon uses systems and methods to protect copyrighted material promoted, recommended, and sold to consumers electronically through a network of Amazon retail websites.  Amazon makes, uses, sells, offers for sale, and imports into the United States its Kindle and KindleFire products.

10.      The aforementioned systems, methods, services and products are collectively referred to herein as the "Amazon Accused Products."

11.      AWS makes, uses and sells systems and methods for remote computing services, including for example the Amazon CloudFront, S3, and EC2 products and services.  On information and believe, the AWS suite of products and services hosts the Amazon.com website systems and methods described above in paragraph 9.

12.     The aforementioned systems, methods, services and products are collectively referred to herein as the "AWS Accused Products."

13.     On March 23, 1999, United States Patent No. 5,887,243 ("the '243 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '243 Patent, and it continues to hold all rights, title, and interest in the '243 Patent.  A true and correct copy of the '243 Patent is attached hereto as Exhibit 1.

14.     On September 21, 2010, United States Patent No. 7,801,304 ("the '304 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '304 Patent, and it continues to hold all rights, title, and interest in the '304 Patent.  A true and correct copy of the '304 Patent is attached hereto as Exhibit 2.

15.     On September 28, 2010, United States Patent No. 7,805,749 ("the '749 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '749 Patent, and it continues to hold all rights, title, and interest in the '749 Patent.  A true and correct copy of the '749 Patent is attached hereto as Exhibit 3.

16.     On May 10, 2011, United States Patent No. 7,940,931 ("the '931 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '931 Patent, and it continues to hold all rights, title, and interest in the '931 Patent.  A true and correct copy of the '931 Patent is attached hereto as Exhibit 4.

17.     On August 3, 2010, United States Patent No. 7,769,170 ("the '170 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '170 Patent, and it continues to hold all rights, title, and interest in the '170 Patent.  A true and correct copy of the '170 Patent is attached hereto as Exhibit 5.

18.     On January 4, 2011, United States Patent No. 7,864,956 ("the '956 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '956 Patent, and it continues to hold all rights, title, and interest in the '956 Patent.  A true and correct copy of the '956 Patent is attached hereto as Exhibit 6.

19.     On November 2, 2010, United States Patent No. 7,827,587 ("the '587 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '587 Patent, and it continues to hold all rights, title, and interest in the '587 Patent.  A true and correct copy of the '587 Patent is attached hereto as Exhibit 7.

20.     On October 25, 2011, United States Patent No. 8,046,791 ("the '791 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '791 Patent, and it continues to hold all rights, title, and interest in the '791 Patent.  A true and correct copy of the '791 Patent is attached hereto as Exhibit 8.

21.     On February 8, 2011, United States Patent No. 7,883,252 ("the '252 Patent") was duly and legally issued for an invention entitled "Signal processing apparatus and methods." PMC was assigned the '252 Patent, and it continues to hold all rights, title, and interest in the '252 Patent.  A true and correct copy of the '252 Patent is attached hereto as Exhibit 9.

**Amazon Has Been On Notice of Plaintiff's Patent Rights**

22.     Amazon has been on notice of PMC's patent rights since August 2012, at which time PMC fully advised Amazon of PMC's extensive patent portfolio.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,887,243**

23.     PMC incorporates the allegations in paragraphs 1 through 22.

24.     The normal operation of the Amazon Accused Products practices the methods described in at least Claims 13 and 15 of the '243 Patent.

25.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Accused Products that practice the methods described in at least Claims 13 and 15 of the '243 Patent.  Defendant Amazon's actions constitute direct infringement of the '243 Patent in direct violation of 35 U.S.C. § 271(a).  Defendant Amazon's customers also directly infringe the '243 Patent through use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media.

26.     Defendant Amazon, on information and belief, having (1) knowledge of the '243 Patent, (2) knowledge that the normal operation of the Amazon Accused Products would practice the method described in at least Claims 13 and 15 of the '243 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Accused Products in a way that induces its customers and the general public to practice the methods described in at least Claims 13 and 15 of the '243 Patent. Defendant Amazon's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

27.     Defendant Amazon offers to sell, sells within the United States, and imports into the United States, components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  On information and belief, Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's

customers who use the Amazon Accused Products and, thus, practice the method described in at least Claims 13 and 15 of the '243 Patent.  Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

28.     Defendant Amazon's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to PMC, and PMC is entitled to recover from Defendant Amazon the damages sustained by PMC as a result of Defendant Amazon's wrongful acts in an amount subject to proof at trial. Defendant Amazon's infringement of PMC's exclusive rights under the '243 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,801,304

29.     PMC incorporates the allegations in paragraphs 1 through 22.

30.     The normal operation of the Amazon Accused Products practices the methods described in at least Claims 1, 22, 23 and 24 of the '304 Patent.  The normal operation of the AWS Accused Products practices the methods described in at least Claim 22 of the '304 Patent.

31.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Amazon Accused Products that practice the methods described in at least Claims 1, 22, 23 and 24 of the '304 Patent.  Defendant Amazon's actions constitute direct infringement of the'304 Patent in direct violation of 35 U.S.C. § 271(a).  Defendant Amazon's customers also directly infringe the '304 Patent through use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media.  Defendant AWS's customers also directly infringe at least Claim 22 of the '304 Patent through use of Defendant AWS's products and services, including for example Amazon CloudFront.

32.     Defendant Amazon, on information and belief, having (1) knowledge of the '304 Patent, (2) knowledge that the normal operation of the Accused Products would practice the method described in at least Claims 1, 22, 23 and 24 of the '304 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon Accused Products in a way that induces its customers and the general public to practice the methods described in at least Claims 1, 22, 23 and 24 of the '304 Patent.  Defendant AWS, on information and belief, having (1) knowledge of the '304 Patent, (2) knowledge that the normal operation of the Accused Products would practice the method described in at least Claim 22 of the '304 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the AWS Accused Products in a way that induces its customers and the general public to practice the methods described in at least Claim 22 of the '304 Patent.  Defendants Amazon and AWS's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

33.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  On information and belief, Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's

customers who use the Amazon Accused Products and, thus, practice the method described in at least Claims 1, 22, 23 and 24 of the '304 Patent.  Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

34.     Defendant Amazon's acts of direct infringement, inducement of infringement, and contributory infringement, and Defendant AWS's acts of inducement of infringement have caused damage to PMC, and PMC is entitled to recover from Defendants the damages sustained by PMC as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of PMC's exclusive rights under the '304 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 7,805,749**

35.     PMC incorporates the allegations in paragraphs 1 through 22.

36.      The normal operation of the Amazon Accused Products practices the method described in at least Claims 2, 18 and 49 of the '749 Patent.

37.      Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Amazon Accused Products on which Defendant Amazon's customers practice the method described in at least Claims 2, 18 and 49 of the '749 Patent.  Defendant Amazon's customers actions constitute direct infringement of the '749 Patent in direct violation of 35 U.S.C. § 271(a) through their use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media.

38.     Defendant Amazon, on information and belief, having (1) knowledge of the '749 Patent, (2) knowledge that the normal operation of the Amazon Accused Products would practice the method described in at least Claims 2, 18 and 49 of the '749 Patent, and (3) the specific

intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon Accused Products in a way that induces its customers and the general public to practice the method described in at least Claims 2, 18 and 49 of the '749 Patent.  Defendant Amazon's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

39.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  On information and belief, Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's customers who use the Amazon Accused Products and, thus, practice the method described in at least Claims 2, 18 and 49 of the '749 Patent.  Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

40.     Defendant Amazon's acts of inducement of infringement and contributory infringement have caused damage to PMC, and PMC is entitled to recover from Defendant Amazon the damages sustained by PMC as a result of Defendant Amazon's wrongful acts in an amount subject to proof at trial. Defendant Amazon's infringement of PMC's exclusive rights under the '749 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,940,931

41.     PMC incorporates the allegations in paragraphs 1 through 22.

42.     The normal operation of the Amazon Accused Products practices the method described in at least Claim 2 of the '931 Patent.

43.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Accused Products on which Defendant Amazon's customers practice the method described in at least Claim 2 of the '931 Patent.  Defendant Amazon's customers actions constitute direct infringement of the '931 Patent in direct violation of 35 U.S.C. § 271(a) through their use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media.

44.     Defendant Amazon, on information and belief, having (1) knowledge of the '931 Patent, (2) knowledge that the normal operation of the Amazon Accused Products would practice the method described in at least Claim 2 of the '931 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 2 of the '931 Patent.  Defendant Amazon's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

45.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  On information and belief, Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for

substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's customers who use the Amazon Accused Products and, thus, practice the method described in at least Claim 2 of the '931 Patent.  Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

46.     Defendant Amazon's acts of inducement of infringement and contributory infringement have caused damage to PMC, and PMC is entitled to recover from Defendant the damages sustained by PMC as a result of Defendant Amazon's wrongful acts in an amount subject to proof at trial. Defendant Amazon's infringement of PMC's exclusive rights under the '931 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,769,170

47.     PMC incorporates the allegations in paragraphs 1 through 22.

48.     The normal operation of the Amazon Accused Products practices the method described in at least Claim 19 of the '170 Patent.

49.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Amazon Accused Products on which Defendant Amazon's customers practice the method described in at least Claim 19 of the '170 Patent.  Defendant Amazon's customers actions constitute direct infringement of the '170 Patent in direct violation of 35 U.S.C. § 271(a) through their use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media.

50.     Defendant Amazon, on information and belief, having (1) knowledge of the '170 Patent, (2) knowledge that the normal operation of the Amazon Accused Products would practice the method described in at least Claim 19 of the '170 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 19 of the '170 Patent.  Defendant Amazon's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

51.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  On information and belief, Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's customers who use the Amazon Accused Products and, thus, practice the method described in at least Claim 19 of the '170 Patent.  Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

52.     Defendant Amazon's acts of inducement of infringement and contributory infringement have caused damage to PMC, and PMC is entitled to recover from Defendant the damages sustained by PMC as a result of Defendant Amazon's wrongful acts in an amount

subject to proof at trial. Defendant Amazon's infringement of PMC's exclusive rights under the '170 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 7,864,956

53.     PMC incorporates the allegations in paragraphs 1 through 22.

54.     The normal operation of the Amazon and AWS Accused Products practices the method described in at least Claim 6 of the '956 Patent.

55.     Defendants Amazon and AWS make, use, sell, offer for sale, and import into the United States Amazon and AWS Accused Products that practice the method described in at least Claim 6 of the '956 Patent.  Defendant Amazon's actions constitute direct infringement of the '956 Patent in direct violation of 35 U.S.C. § 271(a).  Defendants Amazon and AWS's customers also directly infringe the '956 Patent through use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media, and through Defendant AWS's products and services, including for example, Amazon CloudFront.

56.     Defendants Amazon and AWS, on information and belief, having (1) knowledge of the '956 Patent, (2) knowledge that the normal operation of the Amazon and AWS Accused Products would practice the method described in at least Claim 6 of the '956 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon and AWS Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 6 of the '956 Patent.  Defendants Amazon and AWS's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

57.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Accused Products.  Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's customers who use the Amazon Accused Products and, thus, practice the method described in at least Claim 6 of the '956 Patent. Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

58.     Defendant Amazon's acts of direct infringement, inducement of infringement, and contributory infringement, and Defendant AWS's acts of inducement of infringement, have caused damage to PMC, and PMC is entitled to recover from Defendants Amazon and AWS the damages sustained by PMC as a result of Defendants Amazon and AWS's wrongful acts in an amount subject to proof at trial. Defendants Amazon and AWS's infringement of PMC's exclusive rights under the '956 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

**COUNT VII**
**INFRINGEMENT OF U.S. PATENT NO. 7,827,587**

59.     PMC incorporates the allegations in paragraphs 1 through 22.

60.     The normal operation of the Amazon and AWS Accused Products practices the method described in at least Claim 9 of the '587 Patent.

61.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Amazon Accused Products that practice the method described in at least Claim 9 of the '587 Patent.  Defendant Amazon's actions constitute direct infringement of the '587 Patent in direct violation of 35 U.S.C. § 271(a).  Defendants Amazon and AWS's customers also directly infringe the '587 Patent through use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media, and through Defendant AWS's products and services, including for example, Amazon CloudFront.

62.     Defendants Amazon and AWS, on information and belief, having (1) knowledge of the '587 Patent, (2) knowledge that the normal operation of the Amazon and AWS Accused Products would practice the method described in at least Claim 9 of the '587 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon and AWS Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 9 of the '587 Patent.  Defendants Amazon and AWS's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

63.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  Defendant Amazon, on information and belief, knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components

with the knowledge that they constitute a material component of the Amazon Accused Products,

without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale,

and importation into the United States of such products and services by Defendant Amazon's

customers who use the Amazon Accused Products and, thus, practice the method described in at

least Claim 9 of the '587 Patent.  Defendant Amazon's actions constitute contributory

infringement in direct violation of 35 U.S.C. § 271(c).

64.     Defendant Amazon's acts of direct infringement, inducement of infringement, and

contributory infringement, and Defendant AWS's acts of inducement of infringement, have

caused damage to PMC, and PMC is entitled to recover from Defendants Amazon and AWS the

damages sustained by PMC as a result of Defendants Amazon and AWS's wrongful acts in an

amount subject to proof at trial. Defendants Amazon and AWS's infringement of PMC's

exclusive rights under the '587 Patent will continue to damage PMC's business, causing

irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this

Court.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 8,046,791

65.     PMC incorporates the allegations in paragraphs 1 through 22.

66.     The normal operation of the Amazon Accused Products practices the method

described in at least Claim 18 of the '791 Patent.

67.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United

States Amazon Accused Products on which Defendant Amazon's customers practice the method

described in at least Claim 18 of the '791 Patent.  Defendant Amazon's customers actions

constitute direct infringement of the '791 Patent in direct violation of 35 U.S.C. § 271(a) through

their use of Defendant Amazon's Kindle, Kindle App and/or Amazon.com website to purchase and receive electronic media.

68.     Defendant Amazon, on information and belief, having (1) knowledge of the '791 Patent, (2) knowledge that the normal operation of the Amazon Accused Products would practice the method described in at least Claim 18 of the '791 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 18 of the '791 Patent. Defendant Amazon's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

69.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products. On information and belief, Defendant Amazon knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's customers who use the Amazon Accused Products and, thus, practice the method described in at least Claim 18 of the '791 Patent. Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

70.     Defendant Amazon's acts of inducement of infringement and contributory infringement have caused damage to PMC, and PMC is entitled to recover from Defendant Amazon the damages sustained by PMC as a result of Defendant Amazon's wrongful acts in an amount subject to proof at trial. Defendant Amazon's infringement of PMC's exclusive rights under the '791 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT IX
### INFRINGEMENT OF U.S. PATENT NO. 7,783,252

71.     PMC incorporates the allegations in paragraphs 1 through 22.

72.     The normal operation of the Amazon Accused Products practices the method described in at least Claims 1, 10, 19 and 37 of the '252 Patent.

73.     Defendant Amazon makes, uses, sells, offers for sale, and imports into the United States Accused Products on which Defendant Amazon's customers practice the method described in at least Claims 1, 10, 19 and 37 of the '252 Patent.  Defendant Amazon's customers actions constitute direct infringement of the '252 Patent in direct violation of 35 U.S.C. § 271(a) through their use of Defendant Amazon's Kindle devices.

74.     Defendant Amazon, on information and belief, having (1) knowledge of the '791 Patent, (2) knowledge that the normal operation of the Accused Products would practice the method described in at least Claims 1, 10, 19, and 37 of the '252 Patent, and (3) the specific intent to induce infringement, provides its customers and the general public with information and directions on how to use the Amazon Accused Products in a way that induces its customers and the general public to practice the method described in at least Claims, 1, 10, 19 and 37 of the '252 Patent.  Defendant Amazon's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

75.     Defendant Amazon offers to sell and sells within the United States, and imports into the United States components of Amazon Accused Products that constitute a material part of the Amazon Accused Products.  Defendant Amazon, on information and belief, knows those components to be especially made or especially adapted for use in the Amazon Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant Amazon's actions, in providing those components with the knowledge that they constitute a material component of the Amazon Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant Amazon's customers who use the Amazon Accused Products and, thus, practice the method described in at least Claims 1, 10, 19 and 37 of the '252 Patent.  Defendant Amazon's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

76.     Defendant Amazon's acts of inducement of infringement and contributory infringement have caused damage to PMC, and PMC is entitled to recover from Defendant Amazon the damages sustained by PMC as a result of Defendant Amazon's wrongful acts in an amount subject to proof at trial. Defendant Amazon's infringement of PMC's exclusive rights under the '791 Patent will continue to damage PMC's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court

## PRAYER FOR RELIEF

WHEREFORE, PMC respectfully requests that the Court enter a final judgment granting the following relief:

a.      For judgments that the '243 Patent, the '304 Patent, the '749 Patent, the '931 Patent, the '170 Patent, the '956 Patent, the '587 Patent, the '791 Patent, and the '252 Patent have been and will continue to be infringed by Defendant Amazon;

b.      For judgments that the '304 Patent, the '956 Patent, and the '587 Patent have been and will continue to be infringed by Defendant AWS;

c.      For an accounting of all damages sustained by PMC as a result of the acts of patent infringement by Defendants Amazon and AWS;

d.      For actual damages together with prejudgment interest against Defendants Amazon and AWS as a result of its acts of patent infringement;

e.      For a permanent injunction against Defendants Amazon and AWS;

f.      For all costs of suit, prejudgment interest, and post-judgment interest as allowed by law; and,

g.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff PMC demands a trial by jury of all matters.

Dated: September 23, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

**Of Counsel:**

Henry C. Bunsow
Brian A.E. Smith
Dino Hadzibegovic
**BUNSOW, DE MORY, SMITH & ALLISON, LLP**
55 Francisco Street, Suite 600
San Francisco, CA 94133
Tel:  (415) 426-4747
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: dhadzibegovic@bdiplaw.com

Denise M. De Mory
Christina M. Finn
**BUNSOW, DE MORY, SMITH & ALLISON, LLP**
600 Allerton Street, Suite 101
Redwood City, CA  94063
Tel: (650) 351-7248
Email: ddemory@bdiplaw.com
Email: cfinn@bdiplaw.com

Timothy R. DeWitt
**24IP Law Group USA, PLLC**
12 E. Lake Dr.
Annapolis, MD 21403
Tel: (703) 340-1686
Email: tdewitt@24ipUSA.com

*Attorneys for Plaintiff*
*Personalized Media Communications, LLC*